IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, | C/A No. 0:18-2626-DCN-PJG |
| Petitioner, | |
| v. | **ORDER REGARDING** |
| | **AMENDMENT OF COMPLAINT** |
| Randolph Waid, *MD*; Alexander McDonald, *MD*; Michael Cross, *MD*, | |
| Respondents. | |

Daniel Mark Mixson, proceeding *pro se*, filed this action seeking release from a state psychiatric treatment program. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Mixson filed this action on a standard complaint form for *pro se* prisoners asserting civil rights violations, indicating that he seeks relief pursuant to 42 U.S.C. § 1983, a federal civil rights statute that permits legal actions seeking damages and injunctive relief. After reviewing the complaint form in accordance with applicable law, see 28 U.S.C. § 1915, the court found Mixson actually seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 because he seeks release from state custody pursuant to a judgment of a state court.

In light of the court's construction of Mixson's filing as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, the court has conducted an initial review of the Petition. "The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases. Accordingly, the court

finds this action is subject to summary dismissal if Mixson does not amend the Petition to cure the deficiencies identified herein.

I.       **Factual and Procedural Background**

Mixson indicates he is involuntarily committed to the Bryan Psychiatric Hospital in Columbia. (Pet., ECF No. 1 at 2.) Mixson appears to allege that though he was found competent to stand trial on his first-degree burglary charge in the Charleston County Court of General Sessions, he was found incompetent by the doctors named as respondents in this action. (Id. at 4-5, ECF No. 1-1 at 1, 3.) And because of the doctors' finding, Mixson is now detained in a state psychiatric hospital. He claims the medicine he is being given at the hospital are affecting him "mentally and physically." (Pet., ECF No 1 at 6.) Mixson indicates that he seeks release from the hospital and a reduction of years that he is required to undergo treatment. (Id.)

II.      **Discussion**

   A.    **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v.

*PJG*

Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.  Analysis

The court finds that the Petition is subject to summary dismissal if Mixson does not amend the Petition. First, the Petition fails to plausibly allege a violation of federal law that would state a cognizable claim for relief. "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Here, Mixson appears to merely disagree with the doctors' finding that he is incompetent or that he needs mental health treatment. (Pet., ECF No. 1 at 4-5.) Thus, Mixson has failed to identify a violation of federal law that would entitle him to federal habeas corpus relief from his state court-ordered commitment. To the extent Mixson seeks to challenge the doctors' finding as it relates to his commitment, his only relief, if any, appears to be in the state courts of South Carolina.

Additionally, even if Mixson were to raise a cognizable federal habeas claim in this action, he has failed to show that he has exhausted his available state court remedies, which is prerequisite to filing a § 2254 habeas corpus action. See 28 U.S.C. § 2254(b)(1)(A); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must present

his claims to the state's highest court."), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011).

Finally, the respondents named in this action cannot provide Mixson the relief he seeks—release from his court-ordered treatment program. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (stating that the only proper respondent to a habeas petition is the person who has immediate custody of the party detained with the power to produce the body of such party before the court or judge); Rules Governing Section 2254 Cases 2(a). In a letter he filed after the Petition, Mixson indicates he seeks "to file compensation from" Respondent Alexander McDonald. (ECF No. 3.) To the extent Mixson seeks damages against the named respondents, his pleading would be still be subject to summary dismissal pursuant to 28 U.S.C. § 1915A because he fails to identify a cognizable legal claim that would entitle him to relief. Additionally, the pleading would fail to show the court has subject matter jurisdiction as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

Consequently, Mixson's Petition is subject to summary dismissal pursuant to 28 U.S.C. § 1915A and the Rules Governing § 2254 Cases. Mixson is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended petition** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[1] If Mixson fails to file an amended petition that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A and the Rules Governing § 2254 Cases.

---

[1] Any amended petition filed by Mixson is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and the Rules Governing § 2254 Cases.



**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 23, 2018
Columbia, South Carolina

*Petitioner's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).